BILO *v.* INTERNATIONAL SMELTING & REFINING COMPANY.

[No. 17,211.   Filed April 15, 1944]

*Martin Karmilowicz* and *Dommic P. Sewald,* both of East Chicago, for appellant.

*R . M. Royce, Bomberger, Morthland & Royce,* of Hammond, for appellee.

CRUMPACKER, C. J.—This is an appeal from an award of the Industrial Board of Indiana whereby compensation was denied the appellant for alleged accidental injury arising out of and in the course of her employment with the appellee. The matter comes to us upon a single assignment of error charging that said award is contrary to law.

It is undisputed that the appellant was employed by the appellee from November 11, 1930, until March 30, 1940, as a "janitress" and as such was required to scrub tile floors and cement stairways on her hands and knees. Sometime in 1939 she began to suffer pain in her knee joints which was subsequently determined to be caused by arthritis. The appellant contends that such arthritis is of traumatic origin and directly attributable to long and constant contact with the hard floors and stairways upon which she was required to work on her knees in the ordinary and usual course of her employment. The appellee contends, on the other hand, that the appellant's arthritis is of the rheumatoid type and was neither caused nor aggravated by anything she did nor by any mishap she may have suffered while in its employment. There is evidence to support both contentions and on that state of the record the Industrial Board made the following finding upon which an award denying compensation was entered:

"It is further found that while in the employ of the defendant the said plaintiff was afflicted with a rheumatoid arthritis. That said affliction was neither caused by or aggravated by an accidental injury arising out of and in the course of her employment with the defendant, but said affliction was due to other causes."

To determine the facts was wholly and exclusively within the province of the Industrial Board and its findings in that regard, being supported by ample evidence, are beyond our reach. As no other question is presented either by the record or briefs of counsel the award must be affirmed.

NOTE.—Reported in 53 N. E. (2d) 1017.